## United States Bankruptcy Court
### Western District of North Carolina, Shelby Division

IN RE:                                                    Case No. **13-40160**

**Hyder, Sue Carswell**                                   Chapter **13**

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **3,250.00**

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **219.00**

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **3,031.00**

2.  The source of the compensation paid to me was: ☑ Debtor ☐ Other (specify)

3.  The source of compensation to be paid to me is: ☑ Debtor ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~
    e.  [Other provisions as needed]
    **See fee disclosure filed herewith**

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:
    **See fee disclosure filed herewith**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CERTIFICATION |
| --- |
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

**January 22, 2013**                **/s/ William S. Gardner**

Date

**William S. Gardner 32684**
**Gardner Law Offices, PLLC**
**320-1 E. Graham St.**
**Shelby, NC  28150-0000**
**(704) 600-6113**
**billgardner@gardnerlawoffices.com**

**Local Form 3**                                                                                           **March 2013**

Debtor(s)  Sue Carswell Hyder

<div align="center">

**DISCLOSURE TO DEBTOR OF ATTORNEY'S FEES PROCEDURE
FOR CHAPTER 13 CASES IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

</div>

After consultation with the undersigned attorney, you have decided to file a petition for relief under Chapter 13 of the United States Bankruptcy Code.  Accordingly, you are hereby given notice that pursuant to the Local Rules of the Bankruptcy Court, the base fee for a Chapter 13 case is established at $   3,900   .  Payment of all or part of this fee may be included in your payments to the Chapter 13 Trustee.  The attorney's services included in the base fee are those normally contemplated in a Chapter 13 case.  They are as follows:

| | | | |
|---|---|---|---|
| (a) | Providing the pre-filing notices required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; | | Chapter 13 Trustee; |
| (b) | Preparation and filing of your petition, schedules, supplemental local forms, Chapter 13 Plan, and mailing matrix; | (g) | Reviewing the Motion of Trustee for Determination of Status of Claims in confirmed plan; |
| (c) | Circulating a copy of the Chapter 13 plan to all creditors and interested parties as reflected in the case matrix and service of amended plan if appropriate; | (h) | Maintaining custody and control of all case files with original documents for such periods as prescribed by law or Local Rule; |
| (d) | Drafting and mailing letters to you regarding your attendance at the § 341 meeting of creditors, escrow of first money, and your other responsibilities; | (i) | Serving orders on all affected parties; |
| | | (j) | Verifying your identity and social security number and furnishing to the Chapter 13 Trustee your IDs, tax returns, and payment advices, if required; |
| (e) | Preparing for and attending the § 341 meeting of creditors; | (k) | Defending objections to confirmation of your Chapter 13 Plan filed by the Chapter 13 Trustee; and |
| (f) | Reviewing the confirmation order and periodic case status reports from the | (l) | Preparing and filing Local Form 8 or Local Form 8HD. |

The base fee shall also include the following services to the extent they are requested or reasonably necessary for your effective representation:

| | | | |
|---|---|---|---|
| (a) | Preparing and filing proofs of claim on your behalf for your creditors; | (l) | Obtaining and providing the Chapter 13 Trustee with copies of documents relating to lien perfection issues, such as recorded deeds of trust, purchase money security agreements, and the like; |
| (b) | Drafting and filing objections to scheduled and unscheduled proofs of claim; | | |
| (c) | Assuming and rejecting unexpired leases and executory contracts; | (m) | Drafting and mailing letters to creditors upon entry of discharge regarding lien releases, turnover of clear title certificates, cancellation of deeds of trust and judgments, and the like; |
| (d) | Preparing for and attending valuation hearings; | | |
| (e) | Motions to transfer venue; | | |
| (f) | Conferring with you regarding obtaining post-petition credit where no formal application is ultimately filed; | (n) | Drafting and mailing of certified letters to creditors regarding matters related to alleged violations of the automatic stay; |
| (g) | Drafting motions to avoid liens pursuant to § 522(f); | (o) | Drafting and mailing letters regarding voluntary turnover of property. |
| (h) | Calculating plan payment modifications, where no formal motion is ultimately filed; | (p) | Reviewing documents in relation to the use or sale of collateral when no formal application is ultimately filed. |
| (i) | Responding to creditor contacts regarding plan terms, valuation of collateral, claim amounts, and the like; | | |
| (j) | Responding to your contacts regarding job losses, changes in your financial circumstances, address changes, and advising the Court and the Chapter 13 Trustee of the same when appropriate; | (q) | Providing you with a list of answers to frequently asked questions and other routine communications with you during the pendency of the case. |
| | | (r) | Requesting plan payoffs from the Chapter 13 Trustee. |
| (k) | Communicating with you, to a degree that is reasonable, regarding mortgage payment defaults, lease defaults, insurance coverage or the lack thereof, warranties, possible credit disability, life insurance coverage, and the like; | | |

In some Chapter 13 cases, legal services which are beyond those normally contemplated must be performed.  These legal services are not covered by the base fee.  These "non-base" services include the following:

(a)      Abandonment of property post-confirmation;
(b)      Motions for moratorium;
(c)      Motions for authority to sell property;
(d)      Motions to modify plan;
(e)      Motions to use cash collateral or to incur debt.
(f)      Defense of motions for relief from stay or co-debtor stay;
(g)      Defense of motions to dismiss filed after confirmation of your plan;
(h)      Stay violation litigation, including amounts paid as fees by the creditor or        other parties;
(i)      Post-discharge injunction actions;
(j)      Adversary proceedings;
(k)      Motions to turnover property;
(l)      Conversions to Chapter 7;
(m)      Motions to substitute collateral; and
(n)      Any other matter not covered by the base fee

For such "non-base" services you will be charged on the basis of attorney's time expended at the rate of $                per hour plus the amount of expenses incurred (such as court fees, travel, long distance telephone, photocopying, postage, etc.).  Such "non-base" fees are chargeable only after the same are approved by the Bankruptcy Court.  Except as set forth below, before any such fees are charged you will receive a copy of my motion filed in the Court requesting approval of any such "non-base" fees as well as a notice explaining your opportunity to object if you do not agree with the fee applied for.  Any fees awarded for "non-base" services will be paid to the undersigned attorney from your payments to the Chapter 13 Trustee in the same way as payment of "base" fees.  **It is possible that "non-base" fees approved by the Court may cause your payment to the Chapter 13 Trustee to be increased or the term of your Chapter 13 plan extended**.  Whether or not a payment increase or an extension will be necessary depends upon the facts of your case.  If a payment increase is necessary because of a court-approved "non-base" fee, the Chapter 13 Trustee will notify you of the amount of the increase.

In the Court's discretion, your attorney in a Chapter 13 proceeding may request, in open court, and without any other notice, "non-base" fees for the following services in amounts not exceeding those shown below.  Without other notice, your attorney may also request [the actual expenses of filing fees and of notice to creditors.] OR [up to $1.00 for each item noticed to creditors as expense for postage, copying, and envelopes.  These fees may be adjusted (increased) by the Court at a later date, and, if so, those adjusted fees will then be charged.]

| | | |
|---|---|---|
| (a) | Defense of motion to dismiss | $200 |
| (b) | Motion to modify and order, including motion for moratorium | $350 |
| (c) | Substitution of collateral | $450 |
| (d) | Prosecution or defense of motion for relief from stay or co-debtor stay and order | $450 |
| (e) | Motion for authority to sell property and order | $450 |
| (f) | Motion to obtain credit | $450 |
| (g) | Permission from Chapter 13 Trustee to obtain credit (to be filed as an administrative claim) | $200 |
| (h) | Motion to continue or impose the automatic stay | $350 |
| (i) | When substitute legal counsel is retained by a Chapter 13 debtor, such substituted counsel is entitled to a presumptive base fee of $500 without formal application to the Court, provided that the order allowing substitute counsel specifies both the amount of the fee and whether the fee is paid direct by the debtor or through the plan. | |
| (j) | Preparation and filing of conduit mortgage claim with recorded deed of trust, Official Bankruptcy Form B 10A, and Local Form 14 (to be filed as an administrative claim) | $350 |
| (k) | Objection to proof of claim of a Real Property Creditor | $450 |
| (l) | Consent to an amended proof of claim in lieu of an objection to a motion to modify stay or to an amended proof of claim where the debtor has failed to make post-petition payments | $450 |
| (m) | Motion to incur debt related to the approval of a loan modification with a real property creditor | $450 |
| (n) | Motion to declare mortgage current | $450 |

## ACKNOWLEDGMENT

I hereby certify that I have read this notice and that I have received a copy of this notice.

Dated: March 12, 2013

_____
Debtor's Signature

I hereby certify that I have reviewed this notice with the debtor(s) and that the debtor(s) have received a copy of this notice.

Dated: March 12, 2013

_____
Attorney

# GARDNER LAW OFFICES, PLLC

**William S. Gardner**
Managing Attorney
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
billgardner@gardnerlawoffices.com

320-1 EAST GRAHAM STREET
SHELBY, NORTH CAROLINA 28150

**John M. Gardner**
Of Counsel
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
Jgard5000@aol.com

## CONTRACT FOR CHAPTER 13 BANKRUPTCY SERVICES

This Agreement is executed this the 22nd day of January 2013, by and between Gardner Law Offices (the Attorney) and Sue Carswell Hyder (the Debtor, whether one or more parties).  The parties agree as follows:

**1.     Type of Bankruptcy.**

        Debtor retains attorney to file a Chapter 13 bankruptcy case.  If the Debtor determines at a later date that the Debtor desires to file a Chapter 7 bankruptcy case, the parties shall execute a new fee contract setting forth the terms of such representation.  If Debtor elects to convert the Chapter 13 case to a Chapter 7 case, then Attorney shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

**2.     Base Attorney Fees.**

        The base attorney fee for filing the Chapter 13 bankruptcy case is $3,250.00.  The entire base fee shall be added to and paid through the Chapter 13 plan.  The Debtor shall not be obligated to pay any part of the base fee as an "up front" payment or as a condition to filing.  The services of the attorney included in the base fee are those normally contemplated for a Chapter 13 case.  They include the services listed below:

(a)    Preparation and electronic filing of petition, schedules, supplemental local  forms, Chapter 13 Plan and mailing matrix.
(b)    Drafting and mailing notice to creditors advising of filing of case, including a copy of your Chapter 13 Plan.
(c)    Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting and your other responsibilities.
(d)    Preparation for and attendance at Section 341 meeting.
(e)    Review of order confirming plan and periodic case status reports from the Chapter 13 trustee.
(f)    Review of trustee's motion for allowance of claims.
(g)    Maintaining custody and control of case files.
(h)    Service of orders on all affected parties.
(i)    Verification of your identity and social security number.
(j)    Defending objections to confirmation of your Chapter 13 Plan.

        The base fee shall also include the following services to the extent they are requested or reasonably necessary for your effective representation:

(a)    Preparation and filing of proofs of claim on your behalf for your creditors.
(b)    Drafting and filing objections to scheduled and unscheduled proofs of claim.
(c)    Assumptions and rejections of unexpired leases and executory contracts.
(d)    Preparation for and attendance at valuation hearings.
(e)    Motions to transfer venue.
(f)    Consultation with you regarding obtaining post-petition credit (no motion   filed).
(g)    Motions to avoid liens.
(h)    Calculation of plan payment modifications (no motion filed).
(i)    Adding creditor address to mailing matrix as necessary.

**Gardner Law Offices is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the US Bankruptcy Code.**

(j)     Responding to written creditor contacts regarding plan terms, valuation of collateral, claim amounts and the like.

(k)     Responding to your contacts regarding changes in your financial and personal circumstances and advising the Court and Trustee of the same.

(l)     Communicating with you regarding payment defaults, insurance coverage, credit disability and the like.

(m)     Obtaining and providing the Trustee with copies of documents relating to lien perfection issues.

(n)     Notifying creditors of entry of discharge.

(o)     Notifying creditors by certified mail of alleged violations of the automatic stay.

(p)     Drafting and mailing letters regarding voluntary turnover of property.

(q)     Review of documents in relation to the use or sale of collateral (no motion filed).

(r)     Providing you with a list of answers to frequently asked questions and other routine communications with you.

## 3.     Non-Base Attorney Fees.

In some Chapter 13 cases, the legal services which are beyond those contemplated in the base fee must nonetheless be provided by the Attorney.   These legal services are also listed below:

(a)     Abandonment of property post-confirmation.

(b)     Motion for moratorium.

(c)     Motion for authority to sell property.

(d)     Motion to modify or to approve personal injury or compensation settlement.

(e)     Motion to use cash collateral or to incur credit.

(f)     Defense of motion for relief from stay or co-debtor stay.

(g)     Defense of motion to dismiss filed after confirmation of your plan.

(h)     Non-base fee requests.

(i)     Stay violation litigation, including amounts paid as fees by the creditor or   other party.

(j)     Post-discharge injunction actions.

(k)     Adversary proceedings.

(l)     Wage garnishment orders.

(m)     Turnover adversaries.

(n)     Conversion to Chapter 7.

(o)     Motions to substitute collateral and for property damage settlements.

(p)     Any other matter not covered by the base fee.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted:

| | |
|---|---|
| Defense of motion to dismiss the case | $200.00 |
| Motion to modify order, including moratorium | $350.00 |
| Motion to substitute collateral | $450.00 |
| Defense of Motion to lift any stay | $450.00 |
| Motion to sell real or personal property | $450.00 |
| Motion for approval of personal injury settlement | $350.00. |
| Motion for approval of workers' comp settlement | $350.00 |
| Motion for approval of property damage settlement | $350.00 |
| Motion for approval of new credit application | $350.00 |
| Motion to reconsider an order of dismissal | $350.00 |

The Attorney, in his discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred.  The current hourly fee for your Attorney is $275.00.  All base and non-base fees will be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan.  It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or of both.

**4.     Contingent Fees.**

The attorney will be entitled to a contingency fee equal to 50% of any actual recovery (damages, legal fees and costs) from any party for a violation of the automatic stay, the co-debtor stay, the discharge injunction, for breach of the plan or any terms thereof, or for breach of any state or federal consumer protection statutes.   The North Carolina Contingency Fee Addendum form is attached to and made a part of this Agreement.

**5.     Expenses.**

The Attorney shall be entitled to apply to the Court for approval of any expenses related to your case for base fee or non-base fee services.  Such expenses include but are not limited to court fees, telephone fees, fax fees, copy fees, postage fees, PACER fees, electronic or other research fees.   In the Court's discretion, the Attorney may request without any notice or documentation a blanket expense of $1.00 for each item noticed to creditors as an expense for postage, copying and envelopes.

**6.     Court Approval of Fees.**

All fees included in this Agreement are subject to the control of the United States Bankruptcy Court for the Western District of North Carolina.  Any changes in the presumed non-base fees by the Court shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the non-base fees and shall be incorporated herein by this reference.  Any subsequent increase in the base fees by the Court shall have no impact on the original base fee provided for in this Agreement.

**7.     Assumptions for the Base Fee.**

The base fee is based on the following assumptions:

(a)     The Debtor has provided the Attorney with all requested information.
(b)     The Debtor has provided the Attorney with complete and accurate
            information.
(c)     The Debtor's circumstances, especially the Debtor's current monthly income
            (as defined by the Bankruptcy Code) does not substantially change prior to
            the filing of the case.
(d)     The Debtor will provide all requested documents within 15 days of the date of
            this Agreement.

**8.     Costs and Expenses to be paid directly by Debtor.**

The debtor shall pay all costs related to the filing of the bankruptcy case.  These costs currently include the court filing fee of $281.00; the costs of mandatory pre-filing credit counseling, which is approximately $50.00 per person; the mandatory post-filing educational course, which is also approximately $50.00 per person; the costs of any PACER checks, which is approximately $10.00; the costs of any appraisals of real or personal property; the costs of obtaining current consumer credit reports in the event the Debtor is not entitled to free reports; and any other costs as agreed to by the parties.

**9.     First Payment.**

The Debtor must be in a position to make the first full Chapter 13 monthly plan payment at the time the Debtor signs the Chapter 13 court papers.  The Debtor must also pay or have paid the $281.00 filing fee at the time of signing and secured and paid for the consumer credit counseling certificate.

**10.     Mortgage Payments.**

The Debtor acknowledges that the contract mortgage payments on residential real estate to Chase Home Finance cannot be reduced under the Bankruptcy laws but will be paid as follows:

(a)  By adding the amount of the payment (plus any back payments), and any future increases as allowed by the mortgage contract, to the Chapter 13 plan payment.  As a result, the Debtor will only be responsible for making one single debt payment per month, said payment being the Chapter 13 plan payment; or

(b)  By including only the pre-filing arrears or back payments in the plan, with the Debtor being solely responsible for making all future mortgage payments directly to the mortgage company.

The Debtor has elected to proceed with option:   A      _____

INITIALS

## 11.    Debtor's Obligations.

The Debtor's obligations are as follows:

(a)    To provide the Attorney with all requested documents, bills statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings account, and income information and to sign any and all necessary forms to allow the Attorney to secure such documentation.

(b)    To provide accurately and honestly all of the information necessary to prepare and file the Chapter 13 bankruptcy case, and other motions or proceedings arising during the course of the case.

(c)    To timely respond to all letters, emails and telephone calls from the Attorney or any member of his staff.

(d)    To keep the Attorney advised at all times of the Debtor's mailing and physical addresses, telephone numbers, and email addresses.

(e)    To appear at the first meeting of creditors (the 341 meeting) and at any other court hearings or meetings as may be required by the Court or any other   party.

(f)    To keep all scheduled office appointments with the Attorney and to notify the Attorney in advance of any problems with the timing and scheduling or rescheduling of such appointments.

(g)    To contact the attorney by Telephone with the understanding that the Attorney is only able to return calls between the hours of 8:00 a.m. to 9:30 a.m. and 4:00 p.m. to 6:00 p.m.  If the Attorney is available when the call is actually received, then the call will be taken at that time.  However, if you have to leave a message for the Attorney then you must provide a number that you can be reached at during the designated times.  The Attorney or Legal Assistant will make every effort to return all such telephone calls within 48 hours, excluding weekends and holidays.

(h)    To provide any information requested of the Debtor by the Chapter 13 Trustee, the Bankruptcy Administrator, or any other party in the case, unless the Court rules that the Debtor is not required to provide such information.

(i)    To respond as soon as possible to any requests for the Debtor by the Attorney or his Legal Assistant.

(j)    To comply with the obligations imposed upon the Debtor by the Local Rules of the Bankruptcy Court for the Western District of North Carolina, a copy of which is attached to this Agreement.

(k)    To sign a tax authorization form to authorize the Attorney to get copies of income tax returns from the respective taxing agencies for a period of four (4) years prior to the filing of your bankruptcy case.

(l)    To provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of your bankruptcy petition packet.

## 12.    Attorney Withdrawal from Chapter 13 case, Adversary Proceeding or Contested Matter.

Pursuant to the Local Rules of the Bankruptcy Court, the Attorney shall remain the

responsible attorney of record for the Debtor in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court.  The parties agree that just reasons for the Attorney to withdraw from the representation of the Debtor, include but are not limited to the following:

(a)    The failure of the Debtor to provide complete, truthful and accurate information to the Attorney.

(b)    The failure of the Debtor to comply with the Debtor's obligations as provided for in this Agreement and in the Local Rules.

(c)    The failure of the Debtor to comply with any of the obligations imposed on the Debtor by the Bankruptcy Code and the Bankruptcy Rules.

(d)    The failure or refusal of the Debtor to comply with the Debtor's obligations to provide any supplemental information to the Court or to the Chapter 13 Trustee or to correct any incorrect or incomplete information previously provided to the Court or the Trustee.

(d)    The failure of the Debtor to provide complete, truthful and accurate information to the Court, the Chapter 13 Trustee and the Bankruptcy Administrator.

(e)    If the Debtor are husband and wife, then any separation, serious domestic dispute, or divorce of the parties.

(f)    Any irreconcilable conflict between the Attorney and the Debtor with respect to the case.

This the 22nd day of January 2013.

_____
Attorney signature

_____
Client signature

**Debtor has also received copies of The North Carolina Contingency Fee Addendum and Local Rules of the Bankruptcy Court for the Western District of North Carolina.**

# GARDNER LAW OFFICES

**William S. Gardner**
Managing Attorney
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
billgardner@gardnerlawoffices.com

320-1 EAST GRAHAM STREET
SHELBY, NORTH CAROLINA 28150

**John M. Gardner**
Of Counsel
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
Jgard5000@aol.com

## AGREEMENT BETWEEN COUNSEL AND DEBTOR CONCERNING
## CREDITOR ACCOUNT NUMBERS AND SOCIAL SECURITY NUMBERS

The undersigned debtor hereby authorizes the Gardner Law Offices, William S. Gardner and any officer, agent, or employee thereof to use my full account identification number and my Federal Social Security number when available in the preparation of my bankruptcy petition and schedules and in any form of communication, whether written or electronic, for all of my credit accounts to insure that all creditors, and all officers, agents, employees, and attorneys thereof, have adequate information to ensure the proper identification by the said parties of my accounts and of the fact that I am currently a debtor under Federal Bankruptcy Code and as such are fully protected from any type of adverse creditor action by virtue of the automatic stay. This authorization will extend to and include either verbal or written or electronic verification to the said parties of the relevant account number and/or Social Security number as required or as deemed necessary and appropriate. This authorization shall remain in force and effect until and unless it is revoked by a written document duly executed by the undersigned party and actually delivered to Gardner Law Offices. Any such written revocation shall become effective 15 days after receipt thereof.

This the _____ day of _____, 20___.

_____
Debtor's signature

_____
Debtor's signature

**Gardner Law Offices is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the US Bankruptcy Code.**

# GARDNER LAW OFFICES

**William S. Gardner**
Managing Attorney
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
bgardner@maxgardner.com

320-1 EAST GRAHAM STREET
SHELBY, NORTH CAROLINA 28150

**John M. Gardner**
Of Counsel
Telephone: (704) 600.6113
Facsimile: (888) 870-1644
Jgard5000@aol.com

## CLIENT INSTRUCTIONS
## Pursuant to 11 U.S.C. Section 342(b)
## Types of Bankruptcy

### Chapter 7 – Liquidation

Chapter 7 is designed for debtors who are having financial difficulties and are not able to re-pay their debts.

If your current monthly income is above the State Median Income you will be required to perform a Means Test to determine if you are eligible for this type of bankruptcy relief.  If you do not meet the requirements of the Means Test then you may be precluded from filing a Chapter 7 and have the option of converting to Chapter 13 or filing a Chapter 13.

Under Chapter 7 a Trustee takes possession of all your property. You may claim certain property as exempt under North Carolina law.  A copy of the North Carolina Exemption Law is attached to this notice.  You can only exempt the value of property that is not subject to the liens of your creditors. The Trustee then liquidates the non-exempt property and uses the proceeds to pay off your creditors according to priorities of the Bankruptcy Code.

The purpose of filing a Chapter 7 is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the Court, and the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a discharge, there are some debts that are not discharged under the law.  Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated with alcohol or drugs.

Under certain circumstances you may be able to keep property that you have purchased subject to a valid security interest. Some of these options include what is called redemption and the renewal or reaffirmation of an existing pre-bankruptcy debt.  Your attorney can explain the options that are available to you.

### Chapter 13 – Repayment of All or Part of the Debts of an Individual with Regular Income

Chapter 13 is designed for individuals with a regular and stable source of income who are temporarily unable to pay their debts but who desire to use their best efforts and good faith to pay them in installments over a period of time subject to the protections afforded by the Chapter 13 rules.  You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under Chapter 13 you must file a plan with the Court to repay your creditors all or part of the money that you owe them, using your future earnings or by the disposition and/or abandonment of certain collateral such as land and motor vehicles. You are protected from your creditors in most case upon the filing of your case but your plan must be approved by

**Gardner Law Offices is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, has proudly assisted consumers seeking relief under the US Bankruptcy Code.**

the Court before it can take effect.

Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

After completion of payments under the plan, your debts are discharged except for any domestic support obligations, student loans, and certain taxes, among others.

### Chapter 11 – Reorganization

Chapter 11 is designed primarily for the reorganization of businesses but is also available to consumer debtors.  Its provisions are quite complicated, and any decision for an individual to file a Chapter 11 petition should be reviewed with an attorney.   Most Chapter 11 cases are simply too expensive for the great majority of consumer debtors.  Most individuals are aware of the high profile Chapter 11 cases that have been filed in recent years by many of the commercial airlines.

### Chapter 12 – Family Farmer

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is in many ways similar to a Chapter 13.  The eligibility requirements are restrictive, limiting its use to those who whose income arises primarily from a family owned farms or fisheries.

### Credit Counseling

Reputable credit counselors can advise you on managing your money and your debts. They may also be able to develop a plan to repay your debts.  But, most credit counselors are not reputable and charge high fees and contributions that will cause you to fall deeper into debt. Furthermore, many misrepresent their non-profit status and/or their affiliations with religious or charitable organizations. Gardner Law Offices only recommends that a person seek the credit counseling services of a group that has been approved by the United States Trustee Department or the Bankruptcy Administrator.

### Honesty is Required

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this the bankruptcy code shall be subject to fine, imprisonment, or both and all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

### ACKNOWLEDGEMENT OF RECEIPT

I acknowledge that attorney William S. Gardner has given to me and reviewed with me a copy of the Types of Bankruptcy as required by Bankruptcy Code Section 342 (b).

Signed this, the _____ day of _____, 20___.

_____          _____
Client signature                                               Attorney signature

_____
Client signature

## RULES FOR FILING BANKRUPTCY

### Notice required under 11 U.S.C. Section 527(a)

**If you do not follow these rules you could be subject to Criminal Sanctions including JAIL and FINES.  If you do not follow these rules your case will be dismissed and you may not be able to re file your case.**

<u>**Rule #1**</u> – The information you give to an attorney, a staff member of the law firm, the Bankruptcy Trustee, or the Bankruptcy Court that is provided with your petition and during the case must be complete, accurate, and truthful.

<u>**Rule #2**</u> – Everything you own and every debt you owe must be completely and accurately disclosed in the documents filed to commence this case.  Bankruptcy is not a "pick and choose" proceeding.  You do not leave some debts in and leave some debts out.  Everything must be included.  You must value each item you own at the rate it would cost you to replace the item with one of the same condition, age, and usefulness.

<u>**Rule #3**</u> – You will be required to complete a current monthly budget.  This will be performed with your attorney. This budget will be based on your Current Monthly Income and your regular monthly expenses.  This Current Monthly Income is more than just that paid to you by your employer and will include any income received in the past 6 months commencing with the first full month before your bankruptcy filing. This could include government assistance, social security, unemployment, or side jobs or any other sources. The regular expense should be as close as possible and should be based on a reasonable inquiry.

<u>**Rule #4**</u> – The Bankruptcy Code requires you to perform certain tasks including filing certain documents with the Court.  Your attorney will notify you of the need and time limits for performing these tasks.  If you fail to meet these deadlines your case will automatically be dismissed and you may be barred from re filing a case.

**All of the information you provide will be subject to audit by the United States Department of Justice.  If you fail to provide this information your case may be dismissed.  If you act dishonestly you may be subject to criminal sanctions.**

*These rules are given as a warning and not as an attempt to scare you from filing bankruptcy.  Bankruptcy is a right provided to you under Federal Law.  These Rules are only given to prevent people from intentionally abusing this by cheating and being dishonest. This notice is required by law under the Bankruptcy Reform Act enacted by Congress under intense lobbying by the credit industry and should not intimidate you from filing bankruptcy. Over the 30 years our office has assisted people with filing bankruptcy.  During that period of time, our Office has observed that almost all of our clients are honest and hardworking people who due to circumstances beyond their control cannot repay their debts.*

## RULES FOR FILING BANKRUPTCY

### Notice required under 11 U.S.C. Section 527(a)

## <u>ACKNOWLEDGEMENT OF RECEIPT</u>

I acknowledge that attorney William S. Gardner has given to me and reviewed with me a copy of the Rules for Filing Bankruptcy as required by Bankruptcy Code Section 527(b).

Signed this, the _____ day of _____, 20___.

_____          _____
Client signature                                      Attorney signature

_____
Client signature

### IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

- If you decide to seek bankruptcy relief, you should be advised that you can represent yourself in all matters connected with the bankruptcy.

- If you decide to seek bankruptcy relief, you should be advised that you can hire an attorney to represent you.

- If you decide to seek bankruptcy relief, you should be advised that in some areas you may hire a bankruptcy petition preparer who is not an attorney.

**THE LAW REQUIRES AN ATTORNEY TO GIVE YOU A WRITTEN CONTRACT SPECIFIYING WHAT THE ATTORNEY WILL DO FOR YOU AND HOW MUCH IT WILL COST.  ASK TO SEE THIS CONTRACT BEFORE YOU HIRE AN ATTORNEY.**

Although bankruptcy cases can be complex, many of the procedures and cases are routine. Before filing a bankruptcy case, you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and which form of relief is most beneficial to you. Be sure you understand the relief you can obtain and its limitations.

To file a bankruptcy case, documents called a Petition, Schedules, and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court.

Once your case is filed, you will have to attend a first meeting of creditors where you will be questioned under oath by a court official called a "trustee".  At this meeting you may also be questioned by your creditors.

If you chose to file a Chapter 7 case, you may be asked to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you chose to file a Chapter 13 case in which you repay your creditors what you can afford over a 3 to 5 years, you may also want help with preparing your Chapter 13 plan and with the confirmation hearing on your plan which will be before a Federal Bankruptcy Judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court.  **BE AWARE**- Only an attorney can give you legal advice and can represent you in court.

### IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER

### ACKNOWLEDGEMENT OF RECEIPT

I acknowledge that attorney William S. Gardner has given to me and reviewed with me a copy of the Definitions as required by Bankruptcy Code Section 527(b).

Signed this, the _____ day of _____, 2011.

_____          _____
Client signature                                                    Attorney signature

_____
Client signature

## CLIENT INSTRUCTIONS
### Pursuant to 11 U.S.C. Section 527(c)

## DEFINITIONS

1. **Replacement Value** – Certain sections of the Bankruptcy Code will require you to determine the value of your personal and real property. We will provide you assistance with this calculation but we are required under law to provide a written explanation of this term. For personal, family and household purposes the replacement value is the value a retail merchant selling the item would charge considering the age and condition of the item. The code does not define the term retail merchant.

**Example:** Assume that you have a DVD player that is 3 years old. You have been using the DVD player regularly and it works. The replacement value for this item would be what a used store or flea market would *price* the item. In doing this calculation, you do not have to be precise, just reasonable. Gardner Law Offices will assist you with any inquires as to valuing your household items.

2. **Current Monthly Income** – Under certain sections of the Bankruptcy Code you will be required to calculate your Current Monthly Income. This is more than what you receive every time you get a pay check. This includes all income you have received over the last 6 months divided by 6. This means that if you lost your job last month your total income for that month would be almost zero. This calculation does not take into account many government benefits including social security. This income even includes income that is not taxable.

3. **Calculations** – If you file a Chapter 13 plan you will be required to submit a budget that calculates disposable income left over when you deduct your monthly expenses from you monthly income. These expenses do not include you payments on unsecured debts. An attorney will assist you with these calculations. If your Current Monthly Income is higher that the State Median Income for your household size you will be subject to a Means Test. This Means Test adds up your total expenses as defined by the Bankruptcy Code and other deductions including regular charitable donations (up to 15% of your income), school expenses, payments on 401(k)/IRA loans, and health insurance. If you are subject to this calculation an attorney will help you perform this task.

4. **Creditor Matrix** – If you file a Chapter 13 case, you will be required to prepare and submit a master mailing matrix in a format approved by the Court that includes the names and addresses of all of your creditors. The matrix must be in three columns and in alphabetical order. You must also list any persons who have co-signed or guaranteed loans for you. In addition, the law requires that you list the following parties even in you owe them no money: the Internal Revenue Service, the North Carolina Department of Revenue, the City or County tax authority in your place of residence, the Office of the United States Attorney, and the Office of the North Carolina Department of Justice. All creditors have designated specific address for the receipt of notices of bankruptcy and in connection therewith you must use the address designated on 2 of the most recent statements received from each creditor within the 90 day period before the filing of your case. If you matrix is not filed in the proper format, you case may be subject to dismissal by the Court.

5. **Exemptions** – In order to protect your property you will need to claim applicable exemptions provided by State or Federal Law. Gardner Law Offices will assist and advise you on the proper exemptions to claim for your case.

**CLIENT INSTRUCTIONS**

Pursuant to 11 U.S.C. Section 527(c)

**DEFINITIONS**

**ACKNOWLEDGEMENT OF RECEIPT**

I acknowledge that attorney William S. Gardner has given to me and reviewed with me a copy of the Definitions as required by Bankruptcy Code Section 527(c).

Signed this, the _____ day of _____, 2008.

_____          _____
Client signature                                               Attorney signature

_____
Client signature

**Local Form 13**                                                    **March 2013**

### AUTHORIZATION TO RELEASE INFORMATION TO THE CHAPTER 13 TRUSTEE
### REGARDING MORTGAGE CLAIM BEING PAID BY THE TRUSTEE
(to be filed with the Court)

**(  ) Not Applicable**

Debtor Name(s) Sue Carswell Hyder                    Case No. 13-40160

The Debtor(s) in the above captioned bankruptcy case does/do hereby authorize any and all lien holders on real property of the bankruptcy estate to release information to the standing Chapter 13 Trustee upon request.

The information to be released includes, but is not limited to, the amount of the post-petition monthly installment payments, the annual interest rate and type of loan, the loan balance, the escrow account(s), the amount of the contractual late charge, and the mailing address for payments.  This information will only be used by the Chapter 13 Trustee and his/her staff in the administration of the bankruptcy estate and may be included in motions brought before the Court.

_____                    _____
Debtor's Signature                                   Joint Debtor's Signature

B22C (Official Form 22C) (Chapter 13) (04/13)

In re: **Hyder, Sue Carswell**
_____
                    Debtor(s)

Case Number: **13-40160**
_____
                    (If known)

| According to the calculations required by this statement: |
|---|
| ☑ **The applicable commitment period is 3 years.** |
| ☐ **The applicable commitment period is 5 years.** |
| ☐ Disposable income is determined under § 1325(b)(3). |
| ☑ Disposable income is not determined under § 1325(b)(3). |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

<div style="border">

**Part I. REPORT OF INCOME**

</div>

| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A<br>Debtor's<br>Income** | **Column B<br>Spouse's<br>Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts $ | $ | $ |
| | b. Ordinary and necessary operating expenses $ | | |
| | c. Business income   Subtract Line b from Line a | | |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | a. Gross receipts $ | $ | $ |
| | b. Ordinary and necessary operating expenses $ | | |
| | c. Rent and other real property income   Subtract Line b from Line a | | |
| 5 | **Interest, dividends, and royalties.** | $ | $ |
| 6 | **Pension and retirement income.** | $ | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22C (Official Form 22C) (Chapter 13) (04/13)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act     Debtor $ _____     Spouse $ _____ | $ | $ |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. _____ $ _____<br>b. _____ $ _____ | $ | $ |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ | $ |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ | |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | Enter the amount from Line 11. | $ |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply,  enter zero.<br><br>a. _____ $ _____<br>b. _____ $ _____<br>c. _____ $ _____<br><br>Total and enter on Line 13. | $         **0.00** |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ |
| 16 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **North Carolina** _____     b. Enter debtor's household size: __**2**__ | $     **50,762.00** |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☑ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period  is 3 years"  at the top of page 1 of this statement and continue with this statement.<br><br>☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period  is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

B22C (Official Form 22C) (Chapter 13) (04/13)

| 18 | Enter the amount from Line 11. | $ |
|----|----|----|
| 19 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |

| | | |
|----|----|----|
| a. | | $ |
| b. | | $ |
| c. | | $ |

| | Total and enter on Line 19. | $ | **0.00** |
|----|----|----|----|

| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ | |
|----|----|----|----|
| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | |
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **50,762.00** |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>☑ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|
| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |

| Persons under 65 years of age | | | Persons 65 years of age or older | | |
|----|----|----|----|----|----|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | |

| | | $ |
|----|----|----|

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22C (Official Form 22C) (Chapter 13) (04/13)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | |
|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | |

| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| | | |
|---|---|---|
| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

B22C (Official Form 22C) (Chapter 13) (04/13)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | |
|---|---|
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) <br><br> ☐ 1   ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |

$

| | |
|---|---|
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

$

| | | |
|---|---|---|
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |

B22C (Official Form 22C) (Chapter 13) (04/13)

| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

| | **Subpart B: Additional Expense Deductions under § 707(b)** <br> **Note: Do not include any expenses that you have listed in Lines 24-37** | |
|---|---|---|
| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <br><br> a. Health Insurance — $ <br> b. Disability Insurance — $ <br> c. Health Savings Account — $ <br><br> Total and enter on Line 39 <br><br> **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br><br> $ _____ | $ |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B22C (Official Form 22C) (Chapter 13) (04/13)

| Subpart C: Deductions for Debt Payment |
|---|

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**47** | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | Total: Add lines a, b and c. | | |

$

**48** | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | Total: Add lines a, b and c. | |

$

**49** | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.**

$

**50** | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense.

| | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | X |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

$

**51** | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $

| Subpart D: Total Deductions from Income |
|---|

**52** | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $

B22C (Official Form 22C) (Chapter 13) (04/13)

## Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)

| | | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

| | | |
|---|---|---|
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expenses necessary and reasonable. | |

| | Nature of special circumstances | Amount of expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

| | | |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| | | |
|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b and c | $ |

## Part VII. VERIFICATION

| | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* <br><br> Date: **January 22, 2013**    Signature: */s/ Sue Carswell Hyder* <br> (Debtor) <br><br> Date: _____    Signature: _____ <br> (Joint Debtor, if any) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# **Calculation of Current Monthly Income**

The following numbers are based on a review of all **available** payment advices. Where a payment advice was not available an estimated number has been used.

### **Sue Carswell Hyder**

| September 2012 | Social Security benefits | $890.00 |
| October 2012 | Social Security benefits | $970.00 |
| November 2012 | Social Security benefits | $970.00 |
| December 2012 | Social Security benefits | $970.00 |
| January 2013 | Social Security benefits | $970.00 |
| February 2013 | Social Security benefits | $970.00 |

Total income CMI calculations excluding Social Security benefits      $   0.00

**United States Bankruptcy Court**
**Western District of North Carolina, Shelby Division**

IN RE:

Case No. **13-40160** _____

Hyder, Sue Carswell _____

Chapter **13** _____

<div align="center">Debtor(s)</div>

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | $    152,200.00 | | |
| B - Personal Property | Yes | 3 | $      6,451.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $    300,609.26 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $      2,580.95 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | $    208,236.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $    4,025.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | $    2,149.36 |
| TOTAL | | 23 | $    158,651.00 | $    511,426.59 | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Form 6 - Statistical Summary (12/07)**

**United States Bankruptcy Court**
**Western District of North Carolina, Shelby Division**

| | |
|---|---|
| **IN RE:** | Case No. **13-40160** |
| **Hyder, Sue Carswell** | Chapter **13** |
| Debtor(s) | |

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 2,580.95 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| **TOTAL** | $ | **2,580.95** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 16) | $ | 4,025.00 |
| Average Expenses (from Schedule J, Line 18) | $ | 2,149.36 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | 0.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 138,982.05 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 2,580.95 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 208,236.38 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 347,218.43 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6A (Official Form 6A) (12/07)

IN RE Hyder, Sue Carswell
_____
Debtor(s)

Case No. **13-40160**
(If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| .17 acre lot on Oak Street (parcel ID 417205), Forest City, North Carolina as described in that certain Deed as recorded in Book 90E at Page 19 of the Rutherford County Public Registry; County tax value $1,600; value given represents debtor's daughter's best estimate of current value given current area housing market | Fee Simple | | 600.00 | 0.00 |
| .17 acre lot on Oak Street (parcel ID 417208), Forest City, North Carolina as described in that certain Deed as recorded in Book 90E at Page 19 of the Rutherford County Public Registry; County tax value $1,600; value given represents debtor's daughter's best estimate of current value given current area housing market | Fee Simple | | 600.00 | 0.00 |
| .82 acre lot on Oak Street (parcel ID 417210), Forest City, North Carolina as described in that certain Deed as recorded in Book 90E at Page 19 of the Rutherford County Public Registry; County tax value $7,200; value given represents debtor's daughter's best estimate of current value given current area housing market | Fee Simple | | 4,000.00 | 0.00 |
| 1.30 acre lot on McDade Road (parcel ID 417206; adjoins Oakland Rd property), Forest City, North Carolina as described in that certain Deed as recorded in Book 90E at Page 19 of the Rutherford County Public Registry; County tax value $3,200; value given represents debtor's daughter's best estimate of current value given current area housing market | Fee Simple | | 2,000.00 | 0.00 |
| 1/2 interest with Lisa Hyder Wilson in 5.63 acres set up for mobile home park at 139 Morrow Rd., Forest City, North Carolina as described in that certain Deed as recorded in Book 940 at Page 324 of the Rutherford County Public Registry; County tax value $20,900; total value of $10,000 represents debtor's daughter's best estimate of current value given current area housing market; value represents debtor's 1/2 interest | Tenancy in Common | J | 5,000.00 | 0.00 |
| 1/2 interest with Lisa Hyder Wilson in home and 5.34 acre lot at 1829/1847 Oakland Rd, Forest City, North Carolina as described in that certain Deed as recorded in Book 940 at Page 324 of the Rutherford County Public Registry; County tax value $122,700; value given represents debtor's daughter's best estimate of current value given current area housing market | Tenancy in Common | J | 80,000.00 | 156,922.25 |
| | | **TOTAL** | **152,200.00** | |

(Report also on Summary of Schedules)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Hyder, Sue Carswell** _____   Case No. **13-40160** _____

# SCHEDULE A - REAL PROPERTY
## (Continuation Sheet)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Home on 11 acres at 118/121 Carswell Place, Bostic, North Carolina as described in that certain Deed as recorded in Book 932 at Page 879 of the Rutherford County Public Registry; County tax value $72,200; value given represents debtor's daughter's best estimate of current value given current area housing market** | **Fee Simple** | | **60,000.00** | **122,059.80** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07)

IN RE **Hyder, Sue Carswell**
_____
Debtor(s)

Case No. **13-40160**
(If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | **Cash on hand** | | **20.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account - Carter Bank & Trust** | | **5.00** |
| | | **Checking account - SECU** | | **6.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | **Washer 50; dryer 50; stove 100; refrig 150; micro 30; sm kit appl 25; table & chairs 100; dishwasher 75; misc hhgs/linens 50; sm desk 50; 2 tvs 100; couch & loveseat 100; bunkbeds, bed & 2 dressers 200; desktop comp 50** | | **1,130.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing & accessories** | | **250.00** |
| 7. Furs and jewelry. | | **Class ring, necklace, watch & mother's ring** | | **200.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

IN RE **Hyder, Sue Carswell**                                    Case No. **13-40160**
_____
Debtor(s)                                                         (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Debtor is owed $500 from Sharon Renee Brown, $5,000 owed by Jason Pruitt and $2,100 in musical equipment held by Keith Early; all deemed not collectable** | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Cadillac Deville, all power options; VIN 1G6KD54Y52U192217; Amy * is making all payments on vehicle to Chase & will continue to pay Chase direct outside the debtor's plan; these payments are in anticipation that upon satisfaction of debt the vehicle will be transferred to the name of the equitable owner** | | 4,815.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                    Case No. **13-40160**
_____                              _____
Debtor(s)                                                        (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Dog** | | **25.00** |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **6,451.00** |

_____ **0** continuation sheets attached

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/13)

**IN RE** Hyder, Sue Carswell                                                    Case No. **13-40160**
_____
Debtor(s)                                                          (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:                     ☐ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **1/2 interest with Lisa Hyder Wilson in 5.63 acres set up for mobile home park at 139 Morrow Rd., Forest City, North Carolina as described in that certain Deed as recorded in Book 940 at Page 324 of the Rutherford County Public Registry; County tax value $20,900; total value of $10,000 represents debtor's daughter's best estimate of current value given current area housing market; value represents debtor's 1/2 interest** | G.S. § 1C-1601(a)(2) | **5,000.00** | **5,000.00** |
| **Home on 11 acres at 118/121 Carswell Place, Bostic, North Carolina as described in that certain Deed as recorded in Book 932 at Page 879 of the Rutherford County Public Registry; County tax value $72,200; value given represents debtor's daughter's best estimate of current value given current area housing market** | G.S. § 1C-1601(a)(1) | **1.10** | **60,000.00** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on hand** | U.S.C. 42 § 407 | **20.00** | **20.00** |
| **Checking account - Carter Bank & Trust** | U.S.C. 42 § 407 | **5.00** | **5.00** |
| **Checking account - SECU** | U.S.C. 42 § 407 | **6.00** | **6.00** |
| **Washer 50; dryer 50; stove 100; refrig 150; micro 30; sm kit appl 25; table & chairs 100; dishwasher 75; misc hhgs/linens 50; sm desk 50; 2 tvs 100; couch & loveseat 100; bunkbeds, bed & 2 dressers 200; desktop comp 50** | G.S. § 1C-1601(a)(4) | **1,130.00** | **1,130.00** |
| **Clothing & accessories** | G.S. § 1C-1601(a)(4) | **250.00** | **250.00** |
| **Class ring, necklace, watch & mother's ring** | G.S. § 1C-1601(a)(4) | **200.00** | **200.00** |
| **Dog** | G.S. § 1C-1601(a)(4) | **25.00** | **25.00** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

IN RE **Hyder, Sue Carswell**
_____    Case No. **13-40160**
Debtor(s)                                                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1632** <br><br>**Chase Auto Finance** <br>**P.O. Box 901076** <br>**Fort Worth, TX  76101-2076** | | J | **1st lien on 2002 Cadillac Deville; purch Oct 2006; to be paid direct by Amy * with vehicle to be transferred to her name upon satisfaction** <br><br>VALUE $ **4,815.00** | | | | 3,263.21 | |
| ACCOUNT NO. **6336** <br><br>**Chase Home Finance** <br>**P.O. Box 24696** <br>**Columbus, OH  43224-4696** | | | 1st d/t on 1847 Oakland Rd.; debtor proposes to reamortize this loan under plan for a period of 30 years at 5.25% interest; payment of $481.77 to be pd direct o/s plan as non-residential; any arrears rolled into loan modification and taxes no longer to be escrowed <br><br>VALUE $ **80,000.00** | | | | 87,244.58 | 76,922.25 |
| ACCOUNT NO. **4791** <br><br>**Chase Home Finance** <br>**3415 Vision Dr.** <br>**Columbus, OH  43219** | | | **1st d/t on 118 Carswell Place, Bostic, NC; mo pymt $1,124.50; int rate 10.99%** <br><br>VALUE $ **60,000.00** | | | | 122,059.80 | 62,059.80 |
| ACCOUNT NO. **4791** <br><br>**Chase Home Finance** <br>**P.O. Box 24696** <br>**Columbus, OH  43224-4696** | | | **1st mtg arrears on residence thru Jan 2013 to be pd thru plan** <br><br>VALUE $ **72,200.00** | | | | 18,364.00 | |

**_1_** continuation sheets attached

Subtotal
(Total of this page) $ **230,931.59**   $ **138,982.05**

Total
(Use only on last page) $                    $

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6D (Official Form 6D) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                    Case No. **13-40160**
_____                        _____
                    Debtor(s)                                            (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6328**<br><br>**JPMorgan Chase Bank, NA**<br>**3415 Vision Dr.**<br>**Columbus, OH 43219** | X | | **1st d/t on 1829 Oakland Road, Forest City; debtor proposes to reamortize this loan under plan for a period of 30 years at 5.25% interest; conduit plan payment under plan $384.76; any arrears rolled into loan modification**<br><br>VALUE $ **80,000.00** | | | | **69,677.67** | |
| ACCOUNT NO.<br><br>**Rutherford County Clerk Of Court**<br>**File 11-SP-48**<br>**P.O. Box 630**<br>**Rutherfordton, NC 28139-0630** | | | **Assignee or other notification for: JPMorgan Chase Bank, NA**<br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br>**Trustee Services Of Carolina, LLC**<br>**Brock & Scott, PLLC / File No 4382**<br>**5431 Oleander Dr., Suite 200**<br>**Wilmington, NC 28403** | | | **Assignee or other notification for: JPMorgan Chase Bank, NA**<br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | VALUE $ | | | | | |

Sheet no. _____**1**_____ of _____**1**_____ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | |
|---|---|
| Subtotal (Total of this page) | $ **69,677.67**  $ |
| Total (Use only on last page) | $ **300,609.26**  $ **138,982.05** |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/13)

**IN RE** Hyder, Sue Carswell _____    Case No. **13-40160**
                              Debtor(s)                                    (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

    ____**1** continuation sheets attached

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6E (Official Form 6E) (04/13) - Cont.

IN RE  **Hyder, Sue Carswell**                                         Case No. **13-40160**
_____                      _____
Debtor(s)                                                              (If known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Taxes and Other Certain Debts Owed to Governmental Units
(Type of Priority for Claims Listed on This Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **8787** **Rutherford County Tax Collector P.O. Box 143 Rutherfordton, NC  28139** | X | J | **2011 & 2012 ad valorem taxes on 139 Morrow Road** | | | | **493.58** | **493.58** | |
| ACCOUNT NO. **7062** **Rutherford County Tax Collector P.O. Box 143 Rutherfordton, NC  28139** | | | **2011 property taxes on BMW** | | | | **28.97** | **28.97** | |
| ACCOUNT NO. **0875** **Rutherford County Tax Collector P.O. Box 143 Rutherfordton, NC  28139** | | | **2011 & 2012 ad valorem taxes on Oak St & McDade Rd. properties** | | | | **231.84** | **231.84** | |
| ACCOUNT NO. **0875** **Rutherford County Tax Collector P.O. Box 143 Rutherfordton, NC  28139** | | | **2011 & 2012 ad valorem taxes on Carswell Place** | | | | **1,356.56** | **1,356.56** | |
| ACCOUNT NO. **Town Of Forest City P.O. Box 728 Forest City, NC  28043** | | | **Tax liability** | | | | **470.00** | **470.00** | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. ___**1**___ of ___**1**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Totals of this page) $ **2,580.95**  $ **2,580.95**  $

Total
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)  $ **2,580.95**

Total
(Use only on last page of the completed Schedule E. If applicable,
report also on the Statistical Summary of Certain Liabilities and Related Data.)  $ **2,580.95**  $

B6F (Official Form 6F) (12/07)

IN RE **Hyder, Sue Carswell**
_____
Debtor(s)

Case No. **13-40160**
(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2540** <br><br>AT&T <br>P.O. Box 8218 <br>Aurora, IL  60507 | | | Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 203.67 |
| ACCOUNT NO. **3678** <br><br>AT&T <br>P.O. Box 8218 <br>Aurora, IL  60507 | | | Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 183.34 |
| ACCOUNT NO. **3739** <br><br>AT&T <br>P.O. Box 8218 <br>Aurora, IL  60507 | | | Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 214.03 |
| ACCOUNT NO. **3963** <br><br>AT&T <br>P.O. Box 8218 <br>Aurora, IL  60507 | | | Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 167.42 |

**7** continuation sheets attached

Subtotal
(Total of this page) $ 768.46

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

**IN RE** Hyder, Sue Carswell _____    Case No. **13-40160**
_____ Debtor(s) _____    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **2785** <br><br> **BB&T Bankruptcy Section** <br> **100-70-01-51** <br> **P.O. Box 1847** <br> **Wilson, NC  27894-1847** | | | Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges | | | | **1,742.00** |
| ACCOUNT NO. <br><br> **BB&T** <br> **P.O. Box 1626** <br> **Wilson, NC  27894-1626** | | | Assignee or other notification for: BB&T Bankruptcy Section | | | | |
| ACCOUNT NO. **5313** <br><br> **Better Business Bureau** <br> **4200 Wilson Blvd, Suite 800** <br> **Arlington, VA  22203-1838** | | | Debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | **55,842.95** |
| ACCOUNT NO. **5889** <br><br> **Cardservices International** <br> **6101 Condor Dr.** <br> **Moorpark, CA  93021** | | | Credit service - debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | **74.94** |
| ACCOUNT NO. <br><br> **Carolinas Medical Center** <br> **P.O. Box 32861** <br> **Charlotte, NC  28232-2861** | | | Medical bill | | | | **8,514.90** |
| ACCOUNT NO. <br><br> **Medicredit Corporation** <br> **Act 6053** <br> **P.O. Box 580381** <br> **Charlotte, NC  28258-0381** | | | Assignee or other notification for: Carolinas Medical Center | | | | |
| ACCOUNT NO. **eStr** <br><br> **Central Florida Bride** <br> **55 Skyline Dr., Suite 2700** <br> **Lake Mary, FL  32746** | | | Believed to be debt for business obtained based on fraudulent use of debtor's identity | | | X | **1,823.48** |

Sheet no. _____ **1** of _____ **7** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  $ **67,998.27**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                                    Case No. **13-40160**
                            Debtor(s)                                                (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **3799**<br><br>**CenturyLink fdba Embarq**<br>**P.O. Box 1319**<br>**Charlotte, NC  28201-1319** | | | Credit service - debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 220.88 |
| ACCOUNT NO.<br><br>**Receivables Management Services**<br>**Act 3799**<br>**P.O. Box 5471**<br>**Mount Laurel, NJ  08054** | | | Assignee or other notification for: CenturyLink fdba Embarq | | | | |
| ACCOUNT NO. **0253**<br><br>**Chase BP**<br>**P.O. Box 15298**<br>**Wilmington, DE  19850** | | | Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges | | | | 861.00 |
| ACCOUNT NO. **7508**<br><br>**Cleveland Regional Medical Center**<br>**201 E. Grover St.**<br>**Shelby, NC  28150** | | | Medical bill | | | | 30,437.00 |
| ACCOUNT NO.<br><br>**Absolute Collection Service**<br>**333 Fayetteville Mall, Suite 1100**<br>**Raleigh, NC  27601** | | | Assignee or other notification for: Cleveland Regional Medical Center | | | | |
| ACCOUNT NO. **4517**<br><br>**Comcast**<br>**1500 Market St., FL 33E**<br>**Philadelphia, PA  19102-4782** | X | | Utility service believed to be in name of corporate entity; listed for notice purposes regarding and alleged personal liability | | | X | 63.10 |
| ACCOUNT NO.<br><br>**DIRECTV**<br>**P.O. Box 78626**<br>**Phoenix, AZ  85062-8526** | | | Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 291.77 |

Sheet no. _____**2**___ of _____**7**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **31,873.75**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE Hyder, Sue Carswell _____   Case No. **13-40160**
                          Debtor(s)                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Focus Magazine**<br>**7854 La Barrington Blvd.**<br>**Knoxville, TN 37849** | | | **Advertising expense; believed to be debt for business obtained based on fraudulent use of debtor's identity** | | | X | **480.00** |
| ACCOUNT NO. **2374**<br>**GECRB - Belk**<br>**P.O. Box 965028**<br>**Orlando, FL 32896-5028** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **1,169.00** |
| ACCOUNT NO. **0977**<br>**GECRB - JC Penney**<br>**P.O. Box 965001**<br>**Orlando, FL 32896-5001** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **736.00** |
| ACCOUNT NO.<br>**GE Money Bank**<br>**Bankruptcy Dept.**<br>**P.O. Box 103104**<br>**Roswell, GA 30076** | | | **Assignee or other notification for:**<br>**GECRB - JC Penney** | | | | |
| ACCOUNT NO. **0150**<br>**GECRB - JC Penney**<br>**P.O. Box 965001**<br>**Orlando, FL 32896-5001** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **736.00** |
| ACCOUNT NO. **0613**<br>**GECRB - Lowes**<br>**P.O. Box 965005**<br>**Orlando, FL 32896** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **4,502.00** |
| ACCOUNT NO. **1208**<br>**HSBC Bankruptcy Dept.**<br>**P.O. Box 9068**<br>**Brandon, FL 33509-9068** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **4,204.58** |

Sheet no. _____**3**___ of _____**7**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | $ | **11,827.58**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                                    Case No. **13-40160**
_____
Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**CACH, LLC<br>Act 0374*<br>370 17th St., Suite 5000<br>Denver, CO  80202-5690** | | | **Assignee or other notification for:<br>HSBC Bankruptcy Dept.** | | | | |
| ACCOUNT NO.<br>**HSBC Card Services<br>P.O. Box 5222<br>Carol Stream, IL  60197** | | | **Assignee or other notification for:<br>HSBC Bankruptcy Dept.** | | | | |
| ACCOUNT NO. **4100**<br>**JPMorgan Chase Bank, NA<br>201 N. Central Ave.<br>Phoenix, AZ  85004** | | | **Credit service - disputed as to the amount of late fees, over limit fees, interest rate, late charges or any other additional fees or charges** | | | | **3,263.21** |
| ACCOUNT NO.<br>**Koloti K. Wolfgramm<br>5531 Delano Lane<br>Orlando, FL  32821** | | | **For notice purposes regarding purported joint ownership of Polynesian Entertainment Group, LLC; debtor asserts this alleged association was incurred in her name via fraudulent use of her personal identity and is thus disputed as valid** | | | X | **0.00** |
| ACCOUNT NO.<br>**Lamisitoni K. Wolfgramm<br>4001 Orkney Ave.<br>Orlando, FL  32809** | | | **For notice purposes regarding purported joint ownership of Polynesian Entertainment Group, LLC; debtor asserts this alleged association was incurred in her name via fraudulent use of her personal identity and is thus disputed as valid** | | | | **0.00** |
| ACCOUNT NO. **3993**<br>**Lease Finance Group, LLC<br>P.O. Box 7861<br>New York, NY  10116** | | | **Balance due under equipment lease agreement; believed to be debt for business obtained based on fraudulent use of debtor's identity** | | | X | **2,858.58** |
| ACCOUNT NO.<br>**Linda G. Streetman<br>7512 Dr. Phillips Blvd, Suite 50-864<br>Orlando, FL  32819** | | | **For notice purposes regarding purported joint ownership of Bella Street Properties, LLC; debtor asserts this alleged association was incurred in her name via fraudulent use of her personal identity and is thus disputed as valid** | | | | **0.00** |

Sheet no. _____**4** of _____**7** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **6,121.79**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Hyder, Sue Carswell** _____    Case No. **13-40160**

Debtor(s)    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Lisa Vollmer<br>814 Grovesmere Loop<br>Ocoee, FL 34761 | | | For notice purposes regarding purported joint ownership of Sterling Executive Auto Brokers, LLC; debtor asserts this alleged association was incurred in her name via fraudulent use of her personal identity and is thus disputed as valid | | | | 0.00 |
| ACCOUNT NO. eStr<br>Perfect Wedding Guide<br>PWG Publishing LLC<br>55 Skyline Dr., Suite 2700<br>Lake Mary, FL 32746 | | | Advertising expenses; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 2,067.34 |
| ACCOUNT NO. eStr<br>Perfect Wedding Guide<br>PWG Publishing LLC<br>55 Skyline Dr., Suite 2700<br>Lake Mary, FL 32746 | | | Advertising expenses; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 3,890.82 |
| ACCOUNT NO.<br>McCarthy Burgess & Wolff<br>Act 0691<br>26000 Cannon Rd.<br>Cleveland, OH 44146 | | | Assignee or other notification for:<br>Perfect Wedding Guide | | | | |
| ACCOUNT NO. 0080<br>PNC Bank, NA<br>2730 Liberty Ave.<br>Pittsburgh, PA 15222-4704 | | | Personal loan | | | | 3,392.00 |
| ACCOUNT NO. 8617<br>Regions Bank<br>1900 Fifth Ave. N.<br>Birmingham, AL 35203 | | | Credit service - debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 597.50 |
| ACCOUNT NO.<br>NCO Financial Systems, Inc.<br>Act 8XKX<br>507 Prudential Rd.<br>Horsham, PA 19044 | | | Assignee or other notification for:<br>Regions Bank | | | | |

Sheet no. _____**5**___ of ___**7**___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **9,947.66**

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                                    Case No. **13-40160**
_____
Debtor(s)                                                                              (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Roberta Siffrar**<br>**c/o RAS Enterprises**<br>**4807 Whistler Dr.**<br>**Orlando, FL  32812** | X | | Personal loan; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 54,080.00 |
| ACCOUNT NO. **S001**<br>**Rutherford Hospital Physician Practices**<br>**393 Oak Street, Suite 200**<br>**Spindale, NC  28160** | | | Medical bill | | | | 22.00 |
| ACCOUNT NO.<br>**Sumter Electric Cooperative**<br>**330 S. Hwy 301**<br>**Sumterville, FL  33585-0301** | | | Debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor | | | X | 380.00 |
| ACCOUNT NO.<br>**MJ Altman Companies**<br>**Act 0162***<br>**P.O. Box 3070**<br>**Ocala, FL  34478-3070** | | | Assignee or other notification for:<br>**Sumter Electric Cooperative** | | | | |
| ACCOUNT NO. **1689**<br>**SunTrust Bank**<br>**Recovery Dept.**<br>**P.O. Box 26150**<br>**Richmond, VA  23260-6150** | | | Account charge-off fees for account of Sterling & Stratford, LLC which is a company set-up through fraudulent use of debtor's personal information | | | X | 34.18 |
| ACCOUNT NO.<br>**Teddy, Meekins & Talbert, PLLC**<br>**1219 Fallston Rd.**<br>**Shelby, NC  28150** | | | Services rendered | | | | 17,000.00 |
| ACCOUNT NO. **7303**<br>**Town Of Forest City**<br>**P.O. Box 728**<br>**Forest City, NC  28043** | | | Utility service | | | | 468.13 |

Sheet no. _____**6**__ of ____**7**__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **71,984.31**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

B6F (Official Form 6F) (12/07) - Cont.

IN RE **Hyder, Sue Carswell**                                        Case No. **13-40160**
_____
                    Debtor(s)                                           (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **1871**<br><br>**Verizon Wireless**<br>**3 Verizon Place**<br>**Alpharetta, GA  30004-8510** | | | **Terminated service; debtor asserts this debt was incurred in her name via fraudulent use of her personal identity and is thus disputed as a valid debt against the debtor** | | | X | 7,272.56 |
| ACCOUNT NO.<br><br>**Nationwide Recovery Systems**<br>**Act 3495**<br>**P.O. Box 1259**<br>**Oaks, PA  19456** | | | **Assignee or other notification for:**<br>**Verizon Wireless** | | | | |
| ACCOUNT NO. **7850**<br><br>**Verizon Wireless**<br>**Bankruptcy Group**<br>**P.O. Box 3397**<br>**Bloomington, IL  61702** | | | **Terminated service** | | | | 442.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. ____**7**____ of ____**7**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  $  **7,714.56**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)  $  **208,236.38**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6G (Official Form 6G) (12/07)

IN RE **Hyder, Sue Carswell** _____  Case No. **13-40160**
Debtor(s)                                                                    (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Any Creditor With Arbitration Clause Provisions** | **Debtor specifically rejects any contractual provisions relating to claim arbitration for any debts as indicated in the schedules attached hereto and incorporated herein by reference** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6H (Official Form 6H) (12/07)

IN RE **Hyder, Sue Carswell**                                    Case No. **13-40160**
_____                    _____
Debtor(s)                                                        (If known)

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Lisa Hyder Wilson**<br>**118 Carswell Place**<br>**Bostic, NC  28018** | **Rutherford County Tax Collector**<br>**P.O. Box 143**<br>**Rutherfordton, NC  28139**<br><br>**JPMorgan Chase Bank, NA**<br>**3415 Vision Dr.**<br>**Columbus, OH  43219** |
| **Ryan Hyder**<br>**7512 Dr. Phillips Blvd., #50-913**<br>**Orlando, FL  32819** | **Roberta Siffrar**<br>**c/o RAS Enterprises**<br>**4807 Whistler Dr.**<br>**Orlando, FL  32812** |
| **Terry Hyder**<br>**1224 Tyringham Rd.**<br>**Eustis, FL  32726-6423** | **Comcast**<br>**1500 Market St., FL 33E**<br>**Philadelphia, PA  19102-4782** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6I (Official Form 6I) (12/07)

IN RE **Hyder, Sue Carswell**                                          Case No. **13-40160**
_____                        _____
            Debtor(s)                                                      (If known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**Daughter.** | | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation<br>Name of Employer    **Retired**<br>How long employed<br>Address of Employer | | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ _____ | $ _____ |
| 2. Estimated monthly overtime | $ _____ | $ _____ |
| **3. SUBTOTAL** | $            **0.00** | $ _____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and Social Security | $ _____ | $ _____ |
|    b. Insurance | $ _____ | $ _____ |
|    c. Union dues | $ _____ | $ _____ |
|    d. Other (specify) _____ | $ _____ | $ _____ |
|    _____ | $ _____ | $ _____ |
| **5. SUBTOTAL OF PAYROLL DEDUCTIONS** | $            **0.00** | $ _____ |
| **6. TOTAL NET MONTHLY TAKE HOME PAY** | $            **0.00** | $ _____ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ _____ | $ _____ |
| 8. Income from real property | $ _____ | $ _____ |
| 9. Interest and dividends | $ _____ | $ _____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ _____ | $ _____ |
| 11. Social Security or other government assistance | | |
|    (Specify) **Social Security Benefits** | $         **970.00** | $ _____ |
|    _____ | $ _____ | $ _____ |
| 12. Pension or retirement income | $ _____ | $ _____ |
| 13. Other monthly income | | |
|    (Specify) **Assistance From Daughter(s)** | $       **3,055.00** | $ _____ |
|    _____ | $ _____ | $ _____ |
|    _____ | $ _____ | $ _____ |
| **14. SUBTOTAL OF LINES 7 THROUGH 13** | $       **4,025.00** | $ _____ |
| **15. AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $       **4,025.00** | $ _____ |

**16. COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15)            $          **4,025.00**

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6J (Official Form 6J) (12/07)

IN RE Hyder, Sue Carswell                                          Case No. **13-40160**

                  Debtor(s)                                                             (If known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | |
|      a. Are real estate taxes included?    Yes ____   No ✓ | | |
|      b. Is property insurance included?   Yes ____   No ✓ | | |
| 2. Utilities: | | |
|      a. Electricity and heating fuel | $ | **125.00** |
|      b. Water and sewer | $ | **35.00** |
|      c. Telephone | $ | |
|      d. Other   **Cell Telephone(s)** | $ | **55.00** |
|           **Satellite TV Service** | $ | **50.00** |
| 3. Home maintenance (repairs and upkeep) | $ | **10.00** |
| 4. Food | $ | **250.00** |
| 5. Clothing | $ | **10.00** |
| 6. Laundry and dry cleaning | $ | **20.00** |
| 7. Medical and dental expenses | $ | **200.00** |
| 8. Transportation (not including car payments) | $ | **145.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | |
| 10. Charitable contributions | $ | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|      a. Homeowner's or renter's | $ | **66.67** |
|      b. Life | $ | |
|      c. Health | $ | |
|      d. Auto | $ | |
|      e. Other | $ | |
| | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) **See Schedule Attached** | $ | **306.16** |
| | $ | |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|      a. Auto | $ | |
|      b. Other   **Oakland Property Mortgage Payments** | $ | **866.53** |
| | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other   **Personal Care (Haircuts, Etc.)** | $ | **10.00** |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.     $    **2,149.36**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**

| | | |
|---|---|---:|
|      a. Average monthly income from Line 15 of Schedule I | $ | **4,025.00** |
|      b. Average monthly expenses from Line 18 above | $ | **2,149.36** |
|      c. Monthly net income (a. minus b.) | $ | **1,875.64** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**IN RE** Hyder, Sue Carswell                                    Case No. **13-40160**
<div align="center">Debtor(s)</div>

<div align="center">

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

</div>

Taxes

| | |
|---|---:|
| **Ad valorem taxes on home** | **22.41** |
| **Ad Valorem Taxes On Rental(s)** | **270.00** |
| **Personal Property Taxes On Auto(s)** | **5.42** |
| **Tag & Inspections** | **8.33** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE **Hyder, Sue Carswell**                                                   Case No. **13-40160**
_____                                      _____
Debtor(s)                                                                (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**25** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **January 22, 2013**_____    Signature: */s/ Sue Carswell Hyder*_____
                                                      **Sue Carswell Hyder**                                    Debtor

Date: _____    Signature: _____
                                                                                        (Joint Debtor, if any)
                                                            [If joint case, both spouses must sign.]

_____

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110.)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document.*

_____
_____
Address

_____        _____
Signature of Bankruptcy Petition Preparer                                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

_____

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____    Signature: _____

                                                      _____
                                                      (Print or type name of individual signing on behalf of debtor)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B7 (Official Form 7) (04/13)

**United States Bankruptcy Court**
**Western District of North Carolina, Shelby Division**

IN RE:                                                                                          Case No. **13-40160**

**Hyder, Sue Carswell**

                              Debtor(s)                                                         Chapter **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

---

**1. Income from employment or operation of business**

None

☑ State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**2. Income other than from employment or operation of business**

None

☐ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT    SOURCE
**11,580.00    2011 Estimated Social Security benefits**
**11,640.00    2012 Estimated Social Security benefits**

---

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

None

☑ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **State of North Carolina vs Sue Carswell Hyder 10-CRS-52424 and 10-CRS 52425** | | **Rutherford County Superior Court** | **Pending** |
| **In re: Foreclosure of Real Property Under Deed of Trust from Sue Carswell Hyder and Lisa Hyder Wilson 11-SP-48** | **Foreclosure** | **Rutherford County Superior Court** | **Pending** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gardner Law Offices**<br>**P.O. Box 1000**<br>**Shelby, NC  28151-1000** | **Nov 2012** | **$281 Chapter 13 filing fee**<br>**$219 attorney fee** |
| **Institute For Financial Literacy**<br>**P.O. Box 1842**<br>**Portland, ME  04101** | **Dec 2012** | **$50 credit counseling fee** |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Unknown** | **Feb 2012** | **1997 BMW used as trade-in for vehicle in daughter, Lisa's name** |

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **State Employees' Credit Union**<br>**P.O. Box 28540**<br>**Raleigh, NC  27611-8540** | **Money market share account** | **$0 at closing in Sept 2010** |
| **Fifth Third Bank**<br>**P.O. Box 630900**<br>**Cincinnati, OH  45263-0900** | **Business basic checking in name of Polynesian Entertainment, LLC** | **$0 balance at closing in Aug 2010** |
| **This account was obtained by fraudulent use of her personal information and debtor never had any interest in any funds in this account** | | |
| **SunTrust Bank**<br>**Recovery Dept.**<br>**P.O. Box 26150**<br>**Richmond, VA  23260-6150** | **Business checking account of Sterling & Stratford, LLC** | **Final bal -$34.18 at account closing in May 2010** |
| **This account was obtained by fraudulent use of her personal information and debtor never had any interest in any funds in this account** | | |
| **RBC Bank (USA)**<br>**P.O. Box 2157**<br>**Rocky Mount, NC  27802** | **Savings account** | **Final bal approx $400 at closing in July 2010** |

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Cars-Well Enterprises, Inc.** | **56-2001998** | **2270 US Hwy 74-A, Suite 110 Forest City, NC  28043** | **Motor vehicle license agency** | **- 2010** |
| **Sterling & Stratford, LLC** | **26-0893156** | **7512 Dr. Phillips Blvd.** | | **Believed to have** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | | |
|---|---|---|---|---|
| | | Orlando, FL 32819 | | been incorporated on or around 9.22.06 |

Information herein provided per the Florida Department of State, Division of Corporations online information as debtor asserts that this business was established through alleged theft of her personal identification information and use of the same to establish fraudulent businesses in the State of Florida without her consent or knowledge

| | | | | |
|---|---|---|---|---|
| Polynesian Entertainment Group, LLC | 26-1987604 | 4001 Orkney Ave. Orlando, FL 32809 | Unknown | Believed to have been incorporated on or around 2.19.08 |

Information herein provided per the Florida Department of State, Division of Corporations online information as debtor asserts that this business was established through alleged theft of her personal identification information and use of the same to establish fraudulent businesses in the State of Florida without her consent or knowledge

| | | | | |
|---|---|---|---|---|
| Bella Street Properties, LLC | 26-0893363 | 7512 Dr. Phillips Blvd, Suite 50 -864 Orlando, FL 32819 | Unknown | Believed to have been incorporated in or around 9.5.07 |

Information herein provided per the Florida Department of State, Division of Corporations online information as debtor asserts that this business was established through alleged theft of her personal identification information and use of the same to establish fraudulent businesses in the State of Florida without her consent or knowledge

| | | | | |
|---|---|---|---|---|
| Sterling Executive Auto Brokers, LLC | n/a | 8879 W. Colonial Dr., Suite 183 Ocoee, FL 34761 | unknown | Believed to have been incorporated in or around 5.31.06 |

Information herein provided per the Florida Department of State, Division of Corporations online information as debtor asserts that this business was established through alleged theft of her personal identification information and use of the same to establish fraudulent businesses in the State of Florida without her consent or knowledge

None ☑   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

## 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                              DATES SERVICES RENDERED
**Robert C. Koone, CPA**
**P.O. Box 321**
**Spindale, NC 28160**

None ☑   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☑   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☑ d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within the **two years** immediately preceding the commencement of this case.

## 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None ☑ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

## 24. Tax Consolidation Group

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

## 25. Pension Funds.

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **January 22, 2013** _____     Signature   */s/ Sue Carswell Hyder*
of Debtor                                           **Sue Carswell Hyder**

Date: _____     Signature _____
of Joint Debtor
(if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only